1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| JANN WILLIAMS, et al., | ) Case No. CV 14-2179-MMM (JEM) |
| Plaintiff, | ) |
| v. | ) FINAL REPORT AND |
| | ) RECOMMENDATION OF UNITED |
| | ) STATES MAGISTRATE JUDGE |
| JONES & JONES MANAGEMENT | ) |
| GROUP, INC., et al., | ) |
| Defendants. | ) |

13
14
15
16
17
18

19      The Court submits this Final Report and Recommendation[1] to the Honorable

20   Margaret M. Morrow, United States District Judge, pursuant to 28 U.S.C. § 636 and General

21   Order 05-07 of the United States District Court for the Central District of California.

22                                    **PROCEEDINGS**

23      On March 21, 2014, Plaintiffs Jann and Ronald Williams ("Plaintiffs"), citizens

24   proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. §§ 1981, 1983, 1985,

25   1986, 18 U.S.C. § 1951, and the Racketeer Influenced and Corrupt Organizations Act

26   ("RICO"), 18 U.S.C. § 1961 et seq. ("Complaint").  Plaintiffs' Complaint names the following

27

28

---

[1] This Final Report and Recommendation corrects minor typographical errors in the original Report and Recommendation filed on August 29, 2014.

defendants:  Jones & Jones Management Group ("JJMG"), Freeman, Freeman & Smiley ("FFS"), Curtis Graham ("Graham"), Deborah Friedman ("Friedman"), Los Angeles County Superior Court Judges Holly Kendig ("Kendig") and Rex Heeseman ("Heeseman"), and California Court of Appeal Justices Walter Croskey ("Croskey") and Joan D. Klein ("Klein") (collectively, "Defendants").

On May 19, 2014, Defendants Klein, Croskey, Kendig, and Heeseman filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1). Plaintiffs filed their Opposition to the Motion to Dismiss on May 30, 2014.  Defendants filed their Reply on June 24, 2014.

On June 2, 2014, Defendants JJMG and Friedman filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1).  In addition, JJMG and Friedman moved pursuant to Fed. R. Civ. P. 12(f) to strike references in the complaint to state law claims as immaterial and impertinent matter.  Plaintiffs filed their Opposition to the Motion to Dismiss on June 11, 2014.  Defendants filed their Reply on July 24, 2014.  Defendants JJMG and Friedman also joined in Defendant FFS and Graham's motion to dismiss Plaintiffs' Complaint.

On June 2, 2014, Defendants FFS and Graham filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1).  Plaintiffs filed their Opposition to the Motion to Dismiss on June 11, 2014.  Defendants filed their Reply on July 23, 2014.  Defendants FFS and Graham also joined in Defendant JJMG and Friedman's motion to dismiss Plaintiffs' Complaint.

On June 20, 2014, Plaintiffs filed a Motion for Sanctions against counsel for Defendants Klein, Croskey, Kendig, and Heeseman, on the ground that the motion to dismiss violates the provisions of Fed. R. Civ. P. 11.  Defendants filed an Opposition to Plaintiffs' Motion Re: Sanctions on June 27, 2014.[2]

---

[2]  Plaintiffs also request that the Court impose sanctions on Defendants in their opposition papers. Since the Court recommends granting Defendants' motions to dismiss, Plaintiffs' requests for sanctions
(continued...)

On July 21, 2014, Plaintiffs filed a Motion for Preliminary Injunction. On July 29, 2014, Defendants JJMG and Friedman filed their Opposition to the Motion for Preliminary Injunction.  Plaintiffs filed their Reply on August 4, 2014.

The motions are ready for decision.  For the reasons set forth below, the Court recommends that the motions to dismiss be granted without leave to amend for lack of jurisdiction and/or for failure to state a cognizable claim for relief.  In light of the foregoing, moreover, the Court recommends denying Plaintiffs' Motion for Preliminary Injunction and Motion for Sanctions.

## FACTUAL ALLEGATIONS OF THE COMPLAINT

Plaintiffs bring their Complaint against their former landlord, JJMG, JJMG's attorneys, and all of the judicial officers who presided over Plaintiffs' state court action against JJMG and its counsel, Defendant Friedman, for abuse of process, forcible detainer, and related claims following Plaintiffs' eviction pursuant to a judgment of unlawful detainer.  Specifically, Plaintiffs' Complaint challenges JJMG's and its attorneys' defense against Plaintiffs' state court action and the judicial officer defendants' rulings and decisions in the state court proceedings.

As set forth in the Complaint, an unlawful detainer case was initially brought against Plaintiffs in the Los Angeles Superior Court by JJMG, represented by attorney Defendant Friedman.  (Complaint at 4, 7-8.)  After losing the unlawful detainer case, Plaintiffs filed a complaint in state court for abuse of process, forcible detainer, breach of contract, and unfair business practices.  (Complaint at 7-9 & Exhibit ("Exh.") A.)  JJMG and its counsel, Friedman, filed a special motion to strike pursuant to California's anti-SLAPP statute, Code of Civil Procedure section 425.16.  (Complaint at 8 & Exh. B.)  Defendant Kendig granted JJMG's special motion to strike, finding Plaintiffs' entire state court action arises from the acts of the defendants in furtherance of their constitutional right to petition the Court for

---

[2](...continued)
are DENIED.

redress, and such petitioning activity was immune from civil liability pursuant to California's litigation privilege.  Defendant Kendig further ruled that Plaintiffs had failed to establish a probability of prevailing on their claims.  (Complaint at 6, 10 & Exh. C.)  Plaintiffs appealed from the trial court's dismissal of the state court action.  (Complaint at 10-11 & Exh. D.)

Defendants FFS and Graham associated in as counsel for JJMG in the state court appeal. (Complaint at 4-5, 11.)  In an unpublished decision, the California Court of Appeal affirmed the order granting the special motion to strike, rejecting Plaintiffs' claim that the motion should have been denied because they had a right to sue for forcible detainer pursuant to the First Amendment and Article 1, Section 7 of the California Constitution. (Complaint at 11-12 & Exh. F.)  The California Court of Appeal held the anti-SLAPP statute applied to Plaintiffs' claims because they arose from the alleged failure to properly serve the three-day notice to pay rent or quit in support of the unlawful detainer action. (Complaint at 11-12 & Exh. F.)  It also held Plaintiffs had failed to establish a probability of prevailing on their claims. (Complaint at Exh. F.)  Plaintiffs filed a petition for review in the California Supreme Court of the appellate court's order affirming the trial court (Complaint at 28),[3] which was denied on September 25, 2013.[4]

The instant Complaint alleges claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986, RICO, and 18 U.S.C. § 1951 against JJMG, JJMG's trial and appellate counsel, FFS, the trial judge who ruled on the anti-SLAPP motion in the state court proceeding, as well as the three appellate justices who decided the appeal from the order granting the anti-SLAPP motion.  (Complaint at 3-6, 12-28.)   As to the claims against JJMG and the attorneys involved in the state court action, Plaintiffs allege they are liable based on their defensive petitioning against Plaintiffs' state court proceedings.  Specifically, Plaintiffs claim

---

[3]  For ease of reference, the Court labels and refers to the pages in the Complaint in consecutive order, i.e., 1-30.

[4]  See http://appellatecases.courtinfo.ca.gov.  The Court takes judicial notice of the public docket in Williams v. JJMG, California Supreme Court Case No. S211989.  See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); accord United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

1   "Defendant Friedman for race based reasons, and by an overt act of the obstruction of

2   justice by a fraud upon the []trial[] court[] used the U.S. mail to file and serve a [special]

3   motion [to strike,]" which "fraudulently" characterizes Plaintiffs' state court action as arising

4   solely from defendants' acts in furtherance of their constitutional right to petition the court for

5   redress.  (Complaint at 13-15.)  Moreover, Plaintiffs claim Defendant Graham "fraudulently

6   induc[ed] the appeals court to uphold the trial court order" by "[u]s[ing] the US mail to file

7   with the . . . court of appeals and serve[] upon the Plaintiffs a paper titled Respondents'

8   Brief[,]" which "[f]alsely argues that [Plaintiffs' state court] Complaint . . . arose from the filing

9   by the defendants of a three-day notice to pay rent or quit and from the filing of the unlawful

10   detainer complaint."  (Complaint at 16-17 (alleging further that Defendant Graham's filing of

11   the brief was "motivated by race, and constitut[ed] an overt act of the obstruction of justice

12   by a fraud upon the []appeals[] court").)  According to Plaintiffs, by filing attorney fee

13   requests, moreover, Defendants Friedman and Graham "were aware that they were not only

14   engaging in an overt act[] of extortion in violation of 18 U.S.C. [§] 1951, but [they] were also

15   retaliating against . . . Plaintiffs in violation of 42 U.S.C. [§] 1983[] for having exercised their

16   right of petition and free speech[.]" (Complaint at 21-22 (alleging further that Defendant

17   Graham "used the U.S. mail in violation of 18 U.S.C. [§§] 1343[ and 1341] to present a

18   request to the trial court for the award of attorney fees in the approximate amount of . . .

19   []$40,000[,]" and that Defendant Friedman "[u]sed the U.S. mail in violation of 18 U.S.C.

20   1341[] in the attempt to extort the sum of $10,000.00 from the Plaintiffs"); id. at Exhs. G, I.)

21   According to Plaintiffs, the above-referenced actions taken by defendants to defend against

22   Plaintiffs' state court action also violated RICO.  (Complaint at 23-27.)

23          Plaintiffs' claims against the judicial officer defendants arise out of these defendants'

24   adjudication of Plaintiffs' state court proceedings, including allegedly issuing erroneous

25   decisions.  In particular, Plaintiffs claim Defendant Kendig's Minute Order dated November

26   15, 2011, granting the special motion to strike under California Code of Civil Procedure

27   425.16 "was a fraudulent abuse of the cited statute, [and] thus a violation of the Plaintiffs'

28   civil rights[.]"  (Complaint at 15-16 (stating further that Defendant Kendig "act[ed] unlawfully

1   to sustain the [special motion to strike]" "for race[] based reasons"); id. at Exh. C.)

2   Moreover, Plaintiff further alleges that, "when granting the motion [for attorney fees],

3   [Defendant Kendig] carried out a conspiracy with Defendant Friedman to . . . extort the sum

4   of $10,000 from the Plaintiffs, in violation of 18 U.S.C. 1951." (Complaint at 20-21.)

5   Likewise, Plaintiffs allege that the opinion of Defendants Croskey, Klein, and Heeseman,

6   filed on June 21, 2013, affirming the trial court's order granting the special motion to strike

7   "unconstitutionally repudiat[ed] the civil right accorded to Plaintiffs to sue the herein landlord

8   defendants for forcible detainer[.]"[5] (Complaint at 17-21.)

9       Plaintiffs name Defendants Graham and Friedman in their individual capacity and

10  Defendants Kendig, Heeseman, Croskey, and Klein in their official capacity. (Complaint at

11  1.) Plaintiffs seek compensatory damages as to the non-judicial officer defendants and

12  injunctive relief. (Complaint at 29.)

13                          **APPLICABLE LEGAL STANDARDS**

14      Dismissal under Fed. R. Civ. P. Rule 12(b)(1) is proper if the Court lacks subject

15  matter jurisdiction to adjudicate Plaintiffs' claims. Under Fed. R. Civ. P. 12(b)(6), a

16  defendant may move to dismiss a complaint for "failure to state a claim upon which relief

17  can be granted." Dismissal under Rule 12(b)(6) is appropriate when the complaint lacks a

18  cognizable legal theory or sufficient facts to support a cognizable legal theory. Mendiondo

19  v. Centinela Hosp. Medical Center, 521 F.3d 1097, 1104 (9th Cir. 2008) (citing Balistreri v.

20  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a

21  complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief

22  that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

23  Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the

24  plaintiff pleads factual content that allows the court to draw the reasonable inference that

25  the defendant is liable for the misconduct alleged. Id. Conclusory allegations are

26  insufficient. Id. at 678-79. Although a complaint challenged by a Rule 12(b)(6) motion does

27  _____

28      [5] To the extent Plaintiffs assert any other grounds for relief, these allegations are vague and conclusory and manifestly insufficient to withstand a motion to dismiss.

1   not need detailed factual allegations, "a formulaic recitation of the elements of a cause of

2   action will not do," and the factual allegations of the complaint "must be enough to raise a

3   right to relief above the speculative level." Twombly, 550 U.S. at 555.

4        All allegations of material fact are accepted as true, "as well as all reasonable

5   inferences to be drawn from them." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001);

6   see also Twombly, 550 U.S. at 555.  For an allegation to be entitled to the assumption of

7   truth, however, it must be well-pleaded; that is, it must set forth a non-conclusory factual

8   allegation rather than a legal conclusion.  See Iqbal, 556 U.S. at 678-79.  The Court need

9   not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory

10   legal allegations cast in the form of factual allegations.  See id.; see also Adams v. Johnson,

11   355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and unwarranted

12   inferences are insufficient to defeat a motion to dismiss"); Sprewell v. Golden State

13   Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (court not "required to accept as true allegations

14   that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

15   The Court also need not accept as true allegations that contradict matters properly subject

16   to judicial notice.  Sprewell, 266 F.3d at 988.  "In sum, for a complaint to survive a motion to

17   dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content,

18   must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret

19   Service, 572 F.3d 962, 969 (9th Cir. 2009).

20        On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must limit its

21   review to the operative complaint and may not consider facts presented in briefs or extrinsic

22   evidence.  See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  Materials

23   submitted as part of the complaint are not "outside" the complaint and may be considered.

24   Lee, 25 F.3d at 688; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542,

25   1555 n.19 (9th Cir. 1990).  In addition, "[d]ocuments whose contents are alleged in a

26   complaint and whose authenticity no party questions, but which are not physically attached

27   to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." In re

28   Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (internal quotations and

1   citations omitted); see also Lee, 250 F.3d at 688 (documents not physically attached to the

2   complaint may be considered if their authenticity is not contested and "'the plaintiff's

3   complaint necessarily relies' on them") (citation omitted).  The Court also may consider facts

4   properly the subject of judicial notice.  Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

5   Thus, courts may "consider certain materials -- documents attached to the complaint,

6   documents incorporated by reference in the complaint, or matters of judicial notice -- without

7   converting the motion to dismiss into a motion for summary judgment." United States v.

8   Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted).

9         In a pro se civil rights case, "the court must construe the pleadings liberally and must

10  afford the plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dept., 839

11  F.2d 621, 623 (9th Cir. 1988) (citation omitted).  Before dismissing a pro se civil rights

12  complaint for failure to state a claim, the plaintiff should be given a statement of the

13  complaint's deficiencies and an opportunity to cure them. Id. Only if it is absolutely clear

14  that the deficiencies cannot be cured by amendment should the complaint be dismissed

15  without leave to amend. Id.

16                                          **DISCUSSION**

17  **I.    THE ROOKER-FELDMAN DOCTRINE BARS PLAINTIFFS' CLAIMS AGAINST
         THE JUDICIAL DEFENDANTS SEEKING TO ENJOIN FINAL STATE COURT
18       JUDGMENTS.**

19        Defendants move to dismiss the Complaint for lack of subject matter jurisdiction

20  pursuant to Rooker-Feldman.  Under the Rooker-Feldman doctrine a district court has no

21  jurisdiction to review a state court's final judgment for errors. Rooker v. Fidelity Trust Co.,

22  263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly

23  original."); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) ("[A]

24  United States District Court has no authority to review final judgments of a state court in

25  judicial proceedings."); Bell v. City of Boise, 709 F.3d 890, 896-97 (9th Cir. 2013).  To

26  determine whether the Rooker-Feldman bar is applicable, a district court first must

27  determine whether the action contains a forbidden de facto appeal of a state court decision.

28  Bell, 709 F.3d at 897.  A de facto appeal exists when "a federal plaintiff asserts as a legal

1   wrong an allegedly erroneous decision by a state court, and seeks relief from a state court

2   judgment based on that decision."   Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003).

3   Under Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292-93 (2005), there

4   are four requirements for application of the Rooker-Feldman doctrine:  (1) first, the federal

5   plaintiff must have lost in state court; (2) second, the plaintiff must complain of injuries

6   caused by the state court judgment; (3) third, the plaintiff must be asking the district court to

7   review and reject that judgment; and (4) fourth, the state court judgment must have been

8   rendered before the District Court proceedings commenced.  The Rooker-Feldman doctrine

9   applies even when the state court judgment is not made by the highest state court.  Dubinka

10   v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994); Worldwide Church of God

11   v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).  It also applies when a plaintiff's challenge

12   to the state court's actions involves federal constitutional issues.  Feldman, 460 U.S. at

13   483-84.

14         If "a federal plaintiff seeks to bring a forbidden de facto appeal, . . . that federal

15   plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court

16   judicial decision from which the forbidden de facto appeal is brought."  Noel, 341 F.3d at

17   1158.  A federal claim is inextricably intertwined with a state court decision if its success

18   depends upon a determination that the state court wrongly decided the issue before it.

19   Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008).  Thus, the Ninth Circuit

20   has found claims inextricably intertwined where "'the relief requested in the federal action

21   would effectively reverse the state court decision or void its ruling.'"  Fontana Empire Ctr.,

22   LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir. 2002) (quoting Charchenko v. City of

23   Stillwater, 47 F.3d 981, 983 (8th Cir. 1995)); see also Cooper v. Ramos, 704 F.3d 772, 779

24   (9th Cir. 2012).  By contrast, "[i]f a federal plaintiff presents some independent claim, albeit

25   one that denies a legal conclusion that a state court has reached in a case to which he was

26   a party, then there is jurisdiction and state law determines whether the defendant prevails

27   under principles of preclusion."  Exxon Mobil, 544 U.S. at 293 (internal quotation marks,

28   citation, brackets, and ellipsis omitted).

1    Here, Plaintiffs ask the Court to inter alia "issue a permanent injunction against each

2    and every Order, Judgment and Opinion in . . . [Los Angeles County] Superior Court [Case]

3    No. BC461146 and California Court of Appeals [Case] No. B236401[,]" based on the fact

4    that "the eradication of the state court claims by the Defendants under CCP 425.16 and

5    CCC 47[] . . . violated Plaintiffs' civil rights[.]"  (Complaint at 29.)  Plaintiffs' Complaint

6    specifically challenges the following three orders in the state courts:  (1) Defendant Kendig's

7    order dated November 15, 2011, granting the special motion to strike and dismissing

8    Plaintiffs' state court action with prejudice in Los Angeles County Superior Court Case No.

9    BC461146; (2) Defendants Croskey, Klein, and Heeseman's June 21, 2013, opinion

10   affirming the trial court's order granting the special motion to strike in California Court of

11   Appeal Case No. B236401; and (3) Defendant Kendig's order granting Defendant

12   Friedman's request for attorney's fees in Los Angeles County Superior Court Case No.

13   BC461146. (Complaint at 15-21; Exhs. C & F.)  According to Plaintiffs, Defendant Kendig's

14   November 15, 2011, order was a "fraudulent abuse of [CCP 425.16 and CCC 47]" and a

15   "violation of Plaintiff's civil rights[.]"  (Complaint at 16; see id. at 20 (alleging further that

16   "Judge [Kendig] was aware that 425.16 did not provide the authority to strike the causes of

17   action of the Plaintiffs' Complaint, and 47 does not empower the barring from prosecution[]

18   the claims underlying the causes of action of the Complaint").)  Concerning the June 21,

19   2013, opinion by Defendants Croskey, Klein, and Heeseman, Plaintiffs claim "[this order]

20   falsely describes the entire action brought by the Plaintiffs' Complaint as . . . based on

21   defendants' alleged failure to properly serve the three-day notice to pay rent or quit in

22   support of the unlawful detainer action."  (Complaint at 19; see id. at 18 (alleging further that

23   the June 21, 2013, opinion "fraudulently ratifie[d]" Defendant Kendig's November 15, 2011,

24   order, and that Defendants Croskey, Klein, and Heeseman conspired with Defendants

25   Friedman, Graham, and Kendig to deprive Plaintiffs of equal protection of the law).)  Finally,

26   Plaintiffs claim that Defendant Kendig "was aware that when granting the motion [for

27   attorney's fees], she had carried out a conspiracy with Defendant Friedman to . . . extort the

28   sum of $10,000 from the Plaintiffs[] in violation of 18 U.S.C. [§] 1951."  (Complaint at 20-21.

1    Plaintiffs plainly allege that the above-referenced orders are erroneous and should be

2    enjoined, i.e., they "assert[] as a legal wrong . . . allegedly erroneous decision[s] by . . . state

3    court[s], and seek[] relief from . . . state court judgment[s] based on [these] decision[s.]"

4    Noel, 341 F.2d at 1163-64.  These allegations against the judicial officer defendants

5    constitute de facto appeals of the state courts' decisions and raise constitutional claims that

6    are "inextricably intertwined" with those prior state court decisions.  See Noel, 341 F.3d at

7    1158; see also Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n. 4 (9th Cir. 2003) (under the

8    Rooker-Feldman doctrine, "[i]t is immaterial that [the plaintiff] frames his federal complaint

9    as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of

10   those decisions").  The Exxon Mobil requirements also are met: Plaintiffs lost the state court

11   proceedings in both the trial and appellate courts; Plaintiffs complain of injuries caused by

12   those courts' decisions; they ask the court to reject those decisions; and those decisions

13   occurred before Plaintiffs filed this action in federal court.  See Exxon Mobil, 544 U.S. at

14   292-93; see also Dauwe v. Miller, 364 F. App'x 435, 438 (10th Cir.), cert. denied, 131 S.Ct.

15   86 (2010) ("ongoing fee matter did not affect Rooker–Feldman's application to the merits

16   judgment that became final with the denial of review by the state supreme court") (citing

17   Bear v. Patton, 451 F.3d 639, 642 (10th Cir. 2006)). The Rooker-Feldman doctrine, then,

18   applies and bars Plaintiffs claims against the judicial officer defendants.[6]

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25

26   _____

27       [6]   Plaintiffs specifically exclude the judicial officer defendants from their request for damages.
     (Complaint at 29.)  In any event, even if Plaintiffs sought damages against the judicial officer defendants,
28   such claims for relief would be barred under Rooker-Feldman because they are "'inextricably
     intertwined' with an issue resolved by the state court in its judicial decision."  Noel, 341 F.3d at 1158.

1  **II.  ANY CLAIMS AGAINST THE JUDICIAL OFFICER DEFENDANTS SEEKING TO ENJOIN THE ATTORNEY'S FEES PROCEEDINGS THAT REMAINED ONGOING WHEN PLAINTIFFS FILED THE COMPLAINT ARE SUBJECT TO DISMISSAL UNDER THE ANTI-INJUNCTION ACT AND/OR FOR FAILURE TO STATE A CLAIM.[7]**

4       Plaintiffs' Complaint requests that the Court "[v]acate as unconstitutional and as an

5  overt act of extortion and conspiracy under 18 U.S.C. [§] 1951, the upcoming hearing set by

6  the State's trial court . . . for May 24, 2014, on the extortionate motion made by herein

7  Defendant Graham for attorney's fees."[8]  (Complaint at 29.)  Moreover, as previously noted,

8  Plaintiffs ask the Court to "issue a permanent injunction against each and every Order,

9  Judgment and Opinion in . . . [Los Angeles County] Superior Court [Case] No. BC461146

10  and California Court of Appeals [Case] No. B236401[,]" based on the fact that "the

11  eradication of the state court claims by the Defendants under CCP 425.16 and CCC 47[] . . .

12  violated Plaintiffs' civil rights[.]"  (Complaint at 29.)  To the extent Plaintiffs allegations

13  against the judicial officer defendants seek to enjoin the attorney's fees proceedings that

14  were initiated by Graham's fee motion and that remained pending when Plaintiffs filed their

15  Complaint, Plaintiffs claims are subject to dismissal for the following reasons.

16       Initially, with the exception of Section 1983 claims, Plaintiffs' allegations seeking to

17  enjoin judicial actions in the state court attorney's fees proceedings initiated by Graham's

18  fee motion are barred under the Anti-Injunction Act, 28 U.S.C. § 2283.  The Anti-Injunction

19  Act "is an absolute prohibition against enjoining state court proceedings, unless the

20  injunction falls within one of [the] three specifically defined exceptions."  The Anti-Injunction

21  Act provides that a "court of the United States may not grant an injunction to stay

22

---

23      [7] Although Defendants' motions to dismiss do not raise the Anti-Injunction Act, Defendants JJMG

24  and Friedman's Opposition to Motion for Preliminary Injunction argues that enjoining enforcement of the state court judgment in the state court attorney's fees proceedings would violate the Anti-Injunction Act. (Docket No. 34 at 2-4.)  In any event, "'[a] trial court may act on its own initiative to note the inadequacy

25  of a complaint and dismiss it for failure to state a claim. . . .'" Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (quoting Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981)).  Such dismissal

26  may be made without notice where, as here, the plaintiff cannot possibly win relief. Sparling, 864 F.2d at 638; Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong, 642 F.2d at 362.

27

28      [8] To the extent the Complaint seeks to enjoin the May 24, 2014, hearing on the motion for attorney's fees, Plaintiffs' claims are subject to dismissal as moot as the hearing date has already passed.

1  proceedings in a State court except as expressly authorized by Act of Congress, or where

2  necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. §

3  2283; see Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286-87

4  (1970).  The three exceptions are narrowly construed, and "doubts as to the propriety of a

5  federal injunction against a state court proceeding should be resolved in favor of permitting

6  the state action to proceed."  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987), cert.

7  denied, 485 U.S. 993 (1988).  While civil rights actions under Section 1983 are among the

8  exceptions to the Anti-Injunction Act that have been "expressly authorized by Act of

9  Congress[,]" Mitchum v. Foster, 407 U.S. 225, 243 (1972); see Williamson v. Oregon, 2014

10  WL 2803017, at *1 n. 1 (D. Or. 2014) (same), Plaintiffs have pointed to nothing in any of the

11  other statutes under which they are challenging defendants' adjudication of the fee motion

12  indicating that this Court's grant of an injunction is "expressly authorized by Act of

13  Congress."  Moreover, the second and third exceptions are also inapplicable.  Accordingly,

14  with the exception of Section 1983 claims, the Court is without jurisdiction to enjoin the state

15  court attorney's fees proceedings.[9]  See Tachiquin v. HSBC Bank USA, 2012 WL 5512546,

16  *2 (S.D. Cal. 2012) (concluding that, where the Anti-Injunction Act applies, the court is

17  without jurisdiction to enjoin state court proceedings).

18       Plaintiffs do not explicitly state any civil rights claims against the judicial officer

19  defendants arising out of the adjudication of Graham's fee motion.  Moreover, to the extent

20  Plaintiffs purport to assert Section 1983 claims against the judicial officer defendants to

21  prevent their adjudication Graham's fee motion, these allegations are vague and conclusory

22  and manifestly insufficient to state a Section 1983 claim.  Pena v. Gardner, 976 F.2d 469,

23  471 (9th Cir. 1992); Price v. Hawaii, 939 F.2d 702, 708 (9th Cir. 1991), cert. denied, 503

24  U.S. 938 (1992).  Plaintiffs fail to state a Section 1983 civil rights claim based on any judicial

25  officer defendant's acts of holding hearings and/or issuing orders on Graham's fee motion.

26  ────────────────

27     [9]  Moreover, for the same reasons Plaintiffs did not state a claim against JJMG and the attorney
    defendants pursuant to 18 U.S.C. § 1951 and 42 U.S.C. §§ 1981, 1985, and 1986, see infra at n. 13,
28  Plaintiffs also fail to state a claim under these statutes against the judicial officer defendants arising out
    of the adjudication of Graham's fee motion.

**III.    THE NOERR-PENNINGTON DOCTRINE BARS PLAINTIFFS' CLAIMS AGAINST THE ATTORNEY DEFENDANTS AND JJMG.**

Defendants move to dismiss the Complaint under the Noerr-Pennington doctrine. "The Noerr-Pennington doctrine ensures that those who petition the government for redress of grievances remain immune from liability for statutory violations, notwithstanding the fact that their activity might otherwise be proscribed by the statute involved." White v. Lee, 227 F.3d 1214, 1231 (9th Cir. 2000). Noerr-Pennington protection applies to citizens' use of the courts. See Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 56-57 (1993). Though Noerr-Pennington first arose in the antitrust context, it now applies to litigation in all contexts. White, 227 F.3d at 1231. "Under the Noerr-Pennington rule of statutory construction, [courts] must construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." Sosa v. DIRECTV, Inc., 437 F.3d 923, 931 (9th Cir. 2006). Courts use the following three-part test to determine whether the defendant's conduct is immunized: (1) First, identify whether the lawsuit imposes a burden on petitioning rights; (2) second, decide whether the alleged activities constitute protected petitioning activity; and (3) third, analyze whether the statutes at issue may be construed to preclude that burden on the protected petitioning activity. Kearney v. Folley & Lardner, LLP, 590 F.3d 638, 644 (9th Cir. 2009).

Here, Plaintiffs seek to hold JJMG and the attorneys involved in Plaintiffs' state court action liable, and invalidate the state courts' orders and judgments, because these defendants allegedly filed papers in state court that misrepresented the basis of Plaintiffs' state court complaint, i.e., that "falsely" characterized these claims as arising out of defendants' filing of a three-day notice to pay rent or quit in support of the unlawful detainer complaint. (Complaint at 13-17.) Thus, the instant Complaint challenges defensive petitioning activity by JJMG and its attorneys. Clearly, the "success of [Plaintiffs'] lawsuit would constitute a burden on petitioning rights." Kearney, 590 F.3d at 645. Moreover, Defendants' actions of filing motions and briefs in the state court constitute core petitioning

1   activity that the <u>Noerr-Pennington</u> doctrine immunizes from civil liability.  <u>See</u> <u>Freeman v.</u>

2   <u>Lasky, Haas & Cohler</u>, 410 F.3d 1180, 1184 (9th Cir. 2005) ("<u>Noerr-Pennington</u> immunity . .

3   . also appl[ies] to defensive pleadings, because asking a court to deny one's opponent's

4   petition is also a form of petition . . . .") (internal citation omitted).  Finally, Plaintiff has

5   pointed to nothing in RICO, 18 U.S.C. § 1951, or 42 U.S.C. §§ 1981, 1983, 1985, and 1986,

6   proscribing defendants' defensive litigation actions at issue here.[10]  <u>See</u> <u>Sosa</u>, 437 F.3d at

7   931; <u>see</u>, <u>e.g.</u>, <u>Nazir v. United Air Lines</u>, 2009 WL 2912518, at *3-*5 (N.D. Cal. 2009)

8   (plaintiff's Section 1981 claims barred by the <u>Noerr-Pennington</u> doctrine because plaintiff

9   pointed to nothing in Section 1981 proscribing defendant's litigation actions).

10       Moreover, Plaintiffs' pleadings do not suggest the possibility that their claims fall

11   within the "sham" exception to the <u>Noerr-Pennington</u> doctrine.  The <u>Noerr-Pennington</u>

12   doctrine does not protect petitioning activity that is "ostensibly directed toward influencing

13   governmental action" but is in fact "a mere sham."  <u>Eastern R.R. Presidents Conference v.</u>

14   <u>Noerr Motor Freight, Inc.</u>, 365 U.S. 127, 144 (1961).  The Supreme Court has defined a

15   sham as a "private action that is not genuinely aimed at procuring favorable government

16   action."  <u>See</u> <u>Professional Real Estate Investors</u>, 508 U.S. at 58 (internal citation and

17   quotation marks omitted).  The Ninth Circuit recognizes three circumstances in which a

18 _____

19     [10] Indeed, Plaintiffs' allegations pursuant to 18 U.S.C. § 1951 and 42 U.S.C. §§ 1981, 1983, 1985,

20 and 1986 are insufficient to state a claim.  First, 18 U.S.C. § 1951 is a criminal statute that does not provide a private right of action.  <u>Wisdom v. First Midwest Bank of Poplar Bluff</u>, 167 F.3d 402, 408-09 (8th Cir. 1999); <u>Azeltine v. Bank of Am.</u>, 2010  WL 6511710, at *8 (D. Ariz. 2010).  Second, Plaintiffs

21 cannot sue JJMG and its counsel under Section 1983 because these private parties were not acting under color of state law.  <u>See</u> <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th

22 Cir. 2003) (conclusory allegations that private attorney was conspiring with state officers to deprive him of due process are insufficient to allege action under color of state law pursuant to Section 1983); <u>Price</u>,

23 939 F.2d at 708-09 (requiring more than "conclusionary allegations" to consider a private party a state actor for purposes of Section 1983).  Third, Plaintiffs fail to allege any specific facts that would support

24 a claim of racial or class-based discriminatory animus on the part of Defendants as required to allege violations of Section 1981 and the relevant clauses of Section 1985.  <u>See</u> <u>Evans v. McKay</u>, 869 F.2d

25 1341, 1345 (9th Cir. 1989); <u>Poirier v. City of North Hollywood</u>, 2011 WL 6000783, at *12 (C.D. Cal. 2011); <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987); <u>Gottschalk v. Litt</u>, 2009 WL

26 1704991, at *5 (C.D. Cal. 2009); <u>see also</u> <u>Karim-Panahi</u>, 839 F.2d at 626; <u>Evans</u>, 869 F.2d at 1345 n. 3.  Finally, because Plaintiffs' can only state a claim under Section 1986 if the complaint contains a valid

27 claim under Section 1985, <u>Karim-Panahi</u>, 839 F.2d at 626; <u>see also</u> 42 U.S.C. 1986 (imposing liability on every person who knows of an impending violation of Section 1985 but neglects or refuses to prevent

28 the violation), Plaintiffs Section 1986 claim also fails.

1   defendant's activities might qualify under the sham exception to Noerr-Pennington.  See

2   Kottle v. Northwest Kidney Centers, 146 F.3d 1056, 1060 (9th Cir. 1998).  In the first, where

3   the context of the sham exception relates to a defendant's previous defensive work, a

4   plaintiff must show that the defensive activity was "objectively baseless" and that "the

5   defense as a whole was 'a concealed attempt to interfere with the plaintiff's business

6   relations.'" Freeman, 410 F.3d at 1185 (internal citations omitted); see Kottle, 146 F.3d at

7   1060 (where a defendant allegedly brings a "single sham lawsuit," a plaintiff must show that

8   the lawsuit was both objectively baseless and a concealed attempt to interfere with the

9   plaintiff's business relationships).  In the second, where a defendant allegedly brings "a

10  series of lawsuits," a plaintiff must show that such suits are "brought pursuant to a policy of

11  starting legal proceedings without regard to the merits and for the purpose of injuring a

12  market rival." Kottle, 146 F.3d at 1060.  In the third, where a defendant allegedly made

13  intentional misrepresentations to the court, a plaintiff must show that the knowing

14  misrepresentation "deprive[d] the litigation of its legitimacy."  Id.

15          The second circumstance is not relevant here because JJMG and the attorney

16  defendants did not bring a "series of lawsuits."  See, e.g., Nazir, 2009 WL 2912518, at *4.

17  Moreover, given that the state court proceedings resulted in favorable rulings for JJMG and

18  the attorney defendants, their defensive activity cannot be characterized as "objectively

19  baseless."  See White, 227 F.3d at 1232 (noting that a winning lawsuit is not a sham).

20  Finally, although Plaintiffs state that JJMG and the attorney defendants intentionally

21  misrepresented the basis of Plaintiffs' state court complaint in their papers, such

22  misrepresentations could not have deprived the litigation of its legitimacy given that the

23  content of Plaintiffs' state court complaint was accessible to all involved in the state court

24  litigation.  See, e.g., Ungureanu v. A. Teichert & Son, 2012 WL 1108831, at *9 (E.D. Cal.

25  2012) (rejecting application of the sham exception when any misrepresentations by

26  defendant came to light during the litigation, and therefore did not deprive the litigation of its

27  legitimacy).

28

1    In sum, the Noerr-Pennington doctrine bars Plaintiffs' claims against the attorney

2    defendants and JJMG.  See Sosa, 437 F.3d at 942 (holding that the Noerr-Pennington

3    doctrine applies to a RICO claim); Empress LLC v. City and County of San Francisco, 419

4    F.3d 1052, 1056-57 (9th Cir. 2005) (holding that Noerr-Pennington doctrine applies to claim

5    brought pursuant to 42 U.S.C. § 1983 alleging a conspiracy between private individuals and

6    government actors); Manistee Town Center v. City of Glendale, 227 F.3d 1090, 1092 (9th

7    Cir. 2000) (applying Noerr-Pennington doctrine to Section 1983 claim); Lynn v. Friedenthal,

8    2011 WL 6960823, at *3, *8 (C.D. Cal. 2011) (rejecting plaintiff's claims that the attorney

9    defendants representing plaintiff's sons in a custody dispute conspired with the court and

10   others to deprive plaintiff of her constitutional right to free speech and a parent-child

11   relationship in violation of inter alia 42 U.S.C. §§ 1983 and 1985, because these claims

12   were based on defendants' petitioning activity and were barred under the Noerr-Pennington

13   doctrine as a matter of law); Warren v. Reid, 2010 WL 4694924, at *7 (N.D. Cal. 2010)

14   (rejecting plaintiff's claim that defendants violated his civil rights by filing "false and perjured"

15   proofs of service showing he had been served with application for restraining order and

16   application to have him held in contempt, because "such conduct is not actionable under the

17   Noerr-Pennington doctrine"); Nazir, 2009 WL 2912518, at *3-*5 (rejecting based on the

18   Noerr-Pennington doctrine plaintiff's claims that defendant's actions in defending against

19   plaintiff's state court action violated plaintiff's rights under inter alia 42 U.S.C. § 1981

20   because plaintiff pointed to nothing in Section 1981 proscribing defendant's litigation actions

21   and plaintiff did not dispute defendant's characterization of its actions as petitioning).

22   **IV.   THE COURT DECLINES TO EXERCISE SUPPLEMENTAL
         JURISDICTION OVER ANY STATE LAW CLAIMS.**

23

24       Because Plaintiff fails to state a viable federal constitutional claim against

     Defendants, the Court declines to exercise supplemental jurisdiction over any state law

25   claims asserted in the Complaint.[11]  See 28 U.S.C. § 1367(c)(3) ("The district courts may

26

27   _____

28      [11] In light of this conclusion, Defendants JJMG's and Friedman's request to strike references to state
     law claims in the Complaint pursuant to Rule 12(f) is DENIED as moot.

17

1  decline to exercise supplemental jurisdiction" over state law claims where the court "has

2  dismissed all claims over which it has original jurisdiction . . ."); Carnegie-Mellon Univ. v.

3  Cohill, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the

4  lawsuit in its early stages and only state-law claims remain, the federal court should decline

5  the exercise of jurisdiction by dismissing the case without prejudice.").

6  **V.      MOTION FOR PRELIMINARY INJUNCTION.**

7          Given that Plaintiffs' Complaint is subject to dismissal for failure to state a

8  cognizable federal claim against Defendants, Plaintiffs' Motion for Preliminary Injunction

9  (Docket No. 33) must be denied because there is no defendant against whom this Court

10  could enter an order.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100,

11  112 (1969); see also Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th

12  Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the

13  parties and subject matter jurisdiction over the claim; it may not attempt to determine the

14  rights of persons not before the court.").

15                              **CONCLUSION**

16          As set forth above, all of Plaintiffs' federal claims in the Complaint are subject to

17  dismissal,[12] and the Court declines to retain jurisdiction over Plaintiffs' supplemental state

18  claims in the absence of any remaining federal cause of action.  There does not appear to

19  be any way in which Plaintiffs could amend the Complaint, consistently with their present

20  allegations, to state a cognizable claim not subject to the defects discussed above.

21  Accordingly, the Complaint should be dismissed without leave to amend.

22                             **RECOMMENDATION**

23          THE COURT, THEREFORE, RECOMMENDS that the District Court issue an Order:

24  (1) accepting this Final Report and Recommendation; (2) granting Defendants' motions to

25  dismiss (Docket Nos. 11, 14-15) and dismissing the Complaint without leave to amend; (3)

26  denying Plaintiffs' Motion for Preliminary Injunction (Docket No. 33); (4) denying Plaintiffs'

27  _____

28  [12]  The Court need not reach Defendants' additional arguments for dismissal.

1   Motion for Sanctions (Docket No. 25); and (5) dismissing this action in its entirety, (A) with

2   prejudice as to Plaintiffs' claims under federal law against Defendants JJMG, FFS,

3   Friedman, and Graham, and (B) without prejudice as to (i) Plaintiffs' claims under state law

4   and (ii) Plaintiffs' claims against Defendants Klein, Croskey, Kendig, and Heeseman.

5

6   DATED: <u>October 6, 2014</u>                                    <u>        /s/ John E. McDermott        </u>

7                                                                          JOHN E. MCDERMOTT
                                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROPOSED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANN WILLIAMS, et al., <br><br> Plaintiff, <br><br> v. <br><br> JONES & JONES MANAGEMENT GROUP, INC., et al., <br><br> Defendants. | Case No. CV 14-2179-MMM (JEM) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, all the records and files herein, and the Final Report and Recommendation of the United States Magistrate Judge.  The Court concurs with and accepts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS HEREBY ORDERED that: (1) Defendants' motions to dismiss (Docket Nos. 11, 14-15) be granted; (2) Plaintiffs' Complaint be dismissed without leave to amend; (3) Plaintiffs' Motion for Preliminary Injunction (Docket No. 33) be denied; (4) Plaintiffs' Motion for Sanctions (Docket No. 25) be denied; and (5) this action be dismissed in its entirety, (A) with prejudice as to Plaintiffs' claims under federal law against Defendants Jones & Jones Management Group, Freeman, Freeman & Smiley, Curtis Graham, and Deborah Friedman, and (B) without prejudice as to (i) Plaintiffs' claims under state law and (ii) Plaintiffs' federal

law claims against Defendants Holly Kendig, Rex Heeseman, Walter Croskey, and Joan D. Klein.


DATED: _____                    _____
                                                    MARGARET M. MORROW
                                          UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANN WILLIAMS, et al., ) | Case No. CV 14-2179-MMM (JEM) |
|             Plaintiff, ) | |
|         v. ) | **JUDGMENT** |
| JONES & JONES MANAGEMENT ) GROUP, INC., et al., ) | |
|             Defendants. ) | |

In accordance with the Order Accepting Findings and Recommendations of United States Magistrate Judge filed concurrently herewith.

IT IS HEREBY ADJUDGED that this action is dismissed, (A) with prejudice as to Plaintiffs' claims under federal law against Defendants Jones & Jones Management Group, Freeman, Freeman & Smiley, Curtis Graham, and Deborah Friedman, and (B) without prejudice as to (i) Plaintiffs' claims under state law and (ii) Plaintiffs' federal law claims against Defendants Holly Kendig, Rex Heeseman, Walter Croskey, and Joan D. Klein.

DATED: _____

                                  _____
                                      MARGARET M. MORROW
                                  UNITED STATES DISTRICT JUDGE